# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5206 | **DATE** | 8/31/2000 |
| **CASE TITLE** | Joe N. Sherrod-Bey vs. Donald Snyder, Jr., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Plaintiff's motion to proceed without prepayment of the filing fee is granted. (3-1) The initial partial filing fee required is $8.79 and the Stateville trust fund officer is ordered to collect that fee and pay it directly to the Clerk. Monthly payments shall be forwarded to the Clerk each time tie amount in the account exceeds $10 until the fill $150 filing fee is paid. Plaintiff's motion to have the U.S. Marshal serve process is granted. (4-1) This action is set for a status hearing at 8:45 on November 13, 2000. Defendant is to initiate and place the call to chambers.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | 8/31/2000 | |
| SN | courtroom deputy's initials | 00 SEP -1 PM 3:59 | date mailed notice SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE N. SHERROD-BEY, N-13582,   )
                               )
              Plaintiff,       )
                               )
         v.                    )     No. 00 C 5206
                               )
DONALD N. SNYDER, JR., et al., )
                               )
              Defendants.      )

MEMORANDUM ORDER

Joe Sherrod-Bey ("Sherrod-Bey") has submitted a new self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint against a number of employees of the Illinois Department of Corrections ("Department"), claiming now to have completed the statutorily required exhaustion of administrative remedies (the conceded earlier incompleteness of such exhaustion had previously led Sherrod-Bey to dismiss his prior Complaint in this District Court's Case No. 00 C 1638). Sherrod-Bey has also contemporaneously submitted a filled-out Application To Proceed Without Prepayment of Fees ("Application"), which has in turn been accompanied by a printout from Stateville Correctional Center ("Stateville") that reports the transactions in Sherrod-Bey's trust fund account there from February 1 through August 9, 2000. This memorandum order addresses the necessary processing of both the Application and the Complaint.

As for the Application, the trust fund printout reflects a

$243.95 average balance in the trust fund account[1] for the six-month period ended August 9--and because that figure is greater than the average monthly deposits to the account, it is the controlling calculation for purposes of 28 U.S.C. §1915(b)(1). That being the case, the initial partial filing fee required to be paid by Sherrod-Bey pursuant to the last-cited statute comes to $48.79 (20% of $243.95), and the Stateville trust fund officer is ordered to collect that partial filing fee from Sherrod-Bey's trust fund account as soon as possible and to pay it directly to the Clerk of Court ("Clerk").

After such payment, the trust fund officer at Stateville or any other correctional facility where Sherrod-Bey is confined is

---

[1] It must be said that the input from Stateville's personnel in that respect inspires a good deal less than total confidence. For one thing, its fiscal officer (one C. Streit) completed the portion of the Application that calls for the institution's certification as to the trust fund account's average balance during the relevant six-month period by inserting the clearly incorrect figure of $568.58. Not only was that the *highest* balance shown by the detailed printout, but that figure was simply the printout's beginning balance as of February 1, 2000, from which level the account balance has shown an ongoing decline to its August 9 level of $62.09. But that error is so readily apparent as to create nothing more than a nuisance: This Court has had to make its own calculation based on the numerous individual entries (both deposits and withdrawals). More significantly in terms of outright error, this Court's entry-by-entry review has revealed that a May 18, 2000 transaction--recorded as a "Normal Sale" from Stateville's Commissary amounting to $113.29--somehow resulted in a *credit* to Sherrod-Bey's account rather than what would plainly appear to call for a *debit*. If this Court's analysis is correct, that swing of $226.58 would mean that Sherrod-Bey's account as of the reported August 9 closing date should show an *overdraft* of $164.49 rather than the reported positive balance of $62.09.

2

authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Sherrod-Bey's name and the 00 C 5206 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

That being said, this Court turns to the other issue posed by Sherrod-Bey's filings: his accompanying motion to have process served on the numerous defendants by the United States Marshals Service. In that respect the modest balance now in his trust fund account (reportedly just over $60 as of August 9[2]), when coupled with his representations as to lacking any source of funds other than from his prison job (which pays a salary in the range of $25 monthly) supports the granting of that motion, and this Court so orders.

Finally, this action is set for an initial status hearing at 8:45 a.m. November 13, 2000. If by then one or more of the

---

[2] But see n.1.

3

defendants has or have been served (as would normally be expected), counsel for that defendant or those defendants will be expected to make the necessary arrangements for placing the conference call and for providing Sherrod-Bey with access to a telephone at Stateville so that he can participate in the status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date:   August 31, 2000