Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| | | DATE | 9/21/2000 |
| CASE NUMBER | 00 C 5206 | | |
| CASE TITLE | Joe Sherood-Bey vs. Donald Snyder, Jr. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum. As this memorandum will reflect, neither of Sherrod-Bey's current communications requires any further order form this Court.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP date docketed | |
| | Notified counsel by telephone. | | docketing deputy initials | |
| | Docketing to mail notices. | ED-7 FILED FOR DOCKETING | 9/22/2000 | |
| | Mail AO 450 form. | 00 SEP 22 PM 4:28 | date mailed notice | |
| | Copy to judge/magistrate judge. | | SN | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOE N. SHERROD-BEY, N-13582, )
)
        Plaintiff, )
)
v. ) No. 00 C 5206
)
DONALD N. SNYDER, JR., et al., )
)
        Defendants. )

## MEMORANDUM

This Court has recently issued two prior memorandum orders in this action, one on August 31 and the other on September 12, 2000. After the later of those orders was issued, the Clerk's Office received two communications from pro se plaintiff Joe Sherrod-Bey ("Sherrod-Bey") that had obviously crossed that September 12 order in the mails. As this memorandum will reflect, neither of those communications requires any further order from this Court.

For one thing, one of the things that Sherrod-Bey has sent to this Court is a copy of his letter to former United States Marshal Joseph DiLeonardi advising of Sherrod-Bey's voluntary dismissal of five of the original eight defendants, so that service of process should be made only on the remaining three. That subject had already been addressed in this Court's September 12 order and in the instructions given to the Marshals Service by this Court's staff, so that nothing more needs to be done in that respect.

Sherrod-Bey's other communication takes the form of a motion "that he be allowed to pay the filing fee in a expedite [sic] manner." What Sherrod-Bey would like to do is to have all funds that come into his inmate trust fund account, not the lesser percentage that is specified in 28 U.S.C. §1915, to be applied toward the $150 filing fee until that fee is paid in full. Two comments are appropriate in that respect:

1. As the lengthy n.1 to this Court's August 31 order indicates, this Court believes that the Stateville authorities have probably miscalculated the status of Sherrod-Bey's account by having treated a substantial withdrawal as a deposit. If that is indeed so, as of August 9 Sherrod-Bey had a deficit of $164.49 rather than a positive balance of $62.09 in the account. And if that is the case, Sherrod-Bey has nothing to offer currently in the way of payment on account of the filing fee.

2. If this Court's belief reflected in the preceding paragraph is incorrect (that is, if Sherrod-Bey does have a positive balance in his trust fund account at this time), or if Sherrod-Bey comes into funds at any time hereafter, no court order is needed for any added payments that Sherrod-Bey may want to make. In exactly the same way that he has the ability to draw on his account for commissary purchases, he is free to ask the administrator of the trust fund

account to send any available amounts on hand to the Clerk of this District Court (designating, as the August 31 memorandum order directed, that the payment is being tendered for Sherrod-Bey's account and toward payment of the filing fee in Case No. 00 C 5206).

_____
Milton I. Shadur
Senior United States District Judge

Date: September 21, 2000